THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT COWART, Defendant-Appellant.

First District (3rd Division)   No. 1—07—0053

Opinion filed February 11, 2009.—Modified opinion filed May 13, 2009.—Rehearing denied May 21, 2009.

Patricia Unsinn and Robert Hirschhorn, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (James E. Fitzgerald and Ramune Rita Kelecius, Assistant State's Attorneys, of counsel), for the People.

JUSTICE COLEMAN delivered the opinion of the court:

After pleading guilty to eight acts of home invasion, one residential burglary, four aggravated criminal sexual assaults, and five attempted aggravated criminal sexual assaults, Robert Cowart received eight concurrent sentences of imprisonment for terms ranging from 30 to 65 years. He attempted to withdraw his guilty pleas, his motion for withdrawal was denied, and his petition for postconviction relief was summarily dismissed. Cowart seeks reversal of that dismissal, claiming that his petition stated the gist of a claim that one of his convictions violated his constitutional rights. He also contends that four of his eight sentences must be reduced because they exceeded the maximum terms permitted by statute. We agree and accordingly reverse the dismissal of his postconviction petition, remand to the circuit court for further proceedings, and reduce four of his sentences to the statutorily authorized maximum for his offenses.

In 1994, Robert Cowart was charged by indictment with multiple crimes resulting from eight separate residential break-ins in 1993 and 1994. Cowart was charged with assaulting or attempting to assault at least one female occupant at each break-in. He pleaded not guilty to all of the charges against him, but just before the commencement of his trial on one indictment for home invasion and attempted aggravated criminal sexual assault, Cowart, through his counsel, indicated that he wanted to change his pleas. Cowart and the prosecution reached an agreement for guilty pleas and sentences for each of the eight charged break-ins:

—No. 94 CR 25257—Offenses Occurring July 18, 1994: home invasion (two counts), aggravated criminal sexual assault (two counts); 65-year sentence;

—No. 94 CR 25258—Offenses Occurring November 3, 1993: home invasion, aggravated criminal sexual assault; 60-year sentence;

—No. 94 CR 25259—Offenses Occurring June 16, 1994: home invasion, aggravated criminal sexual assault; 60-year sentence;

—No. 94 CR 25260—Offenses Occurring August 20, 1994: home invasion; 60-year sentence;

—No. 94 CR 25261—Offenses Occurring September 16, 1994: armed robbery, home invasion, attempted aggravated criminal sexual assault; 65-year sentence;

—No. 94 CR 28843—Offenses Occurring October 16, 1993: home invasion, aggravated criminal sexual assault (two counts); 65-year sentence;

—No. 94 CR 28844—Offenses Occurring July 18, 1994: residential burglary, attempted aggravated criminal sexual assault; 30-year sentence; and

—No. 94 CR 29080—Offenses Occurring September 12, 1994: home invasion, attempted aggravated criminal sexual assault; 65-year sentence.

Cowart was advised of the rights he waived by pleading guilty by the trial court. The court specified each of the charges for which Cowart was entering a guilty plea and found that the pleas were knowingly and voluntarily entered. The court then heard the prosecution's evidentiary basis for the charges against Cowart, accepted his guilty pleas, and sentenced him in accordance with his agreement with the prosecution.

Within 28 days after his guilty pleas, Cowart filed a *pro se* petition to withdraw the pleas and vacate his sentences, alleging that he had been inadequately represented, that the pleas were the result of "coercion" by his attorney, that he had wished to proceed to trial on the charges against him, and that he had not been admonished about

the rights he surrendered in entering his pleas. The court denied the petition, emphasizing that Cowart had consulted with counsel and with his mother before confirming on several occasions his wish to plead guilty.

Cowart appealed and argued in this court that his cause required summary remand to the circuit court because his motion to withdraw his guilty plea had not been reviewed in accordance with the procedure required by Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)). That rule requires the circuit court to appoint counsel for an indigent defendant who desires representation. The rule also requires appointed counsel to file with the court a certification that he or she has consulted with the defendant about his contentions of error in the sentence or plea, has examined the trial court file and report of proceedings, and has made any amendments to the defendant's motion necessary for adequate presentation of the alleged defects in the plea process. 210 Ill. 2d R. 604(d).

Cowart's motion for remand was granted, counsel was appointed to assist him with the presentation of his motion to withdraw his guilty pleas, he filed an amended motion, and that motion was also denied. Cowart then filed a *pro se* petition under the Post-Conviction Hearing Act (725 ILCS 5/122—1 (West 2004)). That petition asserted that his attorney, the prosecution and the circuit court failed to fully advise him of the consequences of his pleas. Included in Cowart's petition was the assertion that his conviction presented the issue of whether "his sentence must be vacated because of the two greater offenses he's convicted of cannot stand." In an attached memorandum of law in support of his petition, Cowart argued that his sentences "must be vacated where multiple convictions of a greater and lesser offenses are obtained for offenses arising from a single act."

The court found that Cowart's claims of inadequate admonishment were both lacking in merit and barred by the doctrine of *res judicata*. The court also found that Cowart's other claims had not been raised in a direct appeal and were therefore forfeited. Accordingly, the court dismissed Cowart's petition as frivolous and patently without merit. This appeal followed.

■ Cowart contends that four of his sentences exceeded the statutory maximum for his offenses and that the sentence terms in excess of the statutory maximum are void. He asserts that his most serious offense in cases Nos. 94 CR 25257, 94 CR 25260 and 94 CR 25261, home invasion, was a Class X felony subject to a maximum sentence of 30 years in the absence of extended-term or consecutive sentence eligibility. 720 ILCS 5/12—11 (West 1992); 730 ILCS 5/5—8—1(a)(3) (West 1992). He further argues that he was not charged with acts suf-

ficient to trigger extended-term or consecutive sentence eligibility in any of the three cases, and that the sentences he received in excess of the 30-year Class X maximum in each case were therefore unauthorized by statute. Similarly, Cowart argues that in case No. 94 CR 29080, he was subject to an enhanced sentence of 60 years for home invasion because one of his victims was under the age of 12 (730 ILCS 5/5—3.2(b)(4)(i) (West 1992)), but that his sentence in excess of that amount was improper because there was no allegation that he was eligible for consecutive sentencing or any other enhancement.

The State concedes the merit of Cowart's arguments regarding these sentences. A sentence exceeding the maximum term authorized by statute is void and subject to correction by a reviewing court's reduction of the sentence to the statutory maximum. *People v. Thompson*, 209 Ill. 2d 19, 27-29 (2004). Accordingly, we will reduce the unauthorized sentences to the maximum term permitted by statute.

■ Cowart next contends that the summary dismissal of his petition was error, since the petition stated the gist of an argument that his convictions and sentences deprived him of constitutional rights. In case No. 94 CR 25257, he was charged with two counts of home invasion for a single July 18, 1994, break-in and his agreement with the prosecution resulted in pleas of guilty to both counts. Cowart asserts that two home invasion convictions for a single break-in was an unconstitutional violation of the one-act, one-crime rule.

A single break-in will support only one conviction of home invasion, even if more than one occupant is present. *People v. Cole*, 172 Ill. 2d 85, 101-02 (1996). Our supreme court has recently confirmed the continued validity of the one-act, one-crime principle. *People v. Artis*, 232 Ill. 2d 156 (2009). Violations of the one-act, one-crime principle are not generally considered to be errors of constitutional magnitude when the convictions carved from the same act arise under different criminal provisions. *People v. Henry*, 204 Ill. 2d 267, 290 (2003). But a second punishment under the *same* statute for a single act is not merely a violation of the one-act, one-crime principle, it is also a violation of the constitutional protection against double jeopardy. *People v. Placek*, 184 Ill. 2d 370, 376-77 (1998). Multiple convictions are considered multiple punishments even if they do not result in separate sentences. *People v. Davis*, 156 Ill. 2d 149, 154-55 (1993). The appellate court has concluded that a defendant objecting to multiple home invasion convictions for a single break-in raises a double jeopardy claim. *People v. Morgan*, 385 Ill. App. 3d 771, 775 (2008), *appeal denied*, 231 Ill. 2d 680 (2009). It is thus apparent that Cowart's petition, in asserting the impropriety of a second home invasion conviction for a single break-in, asserted a claim of constitutional deprivation properly raised in a petition for postconviction relief.

The State argues that Cowart's brief assertion of his constitutional claim was insufficient to require further review. But a defendant's *pro se* petition for postconviction relief need not provide more than "the gist of a constitutional claim" to survive summary dismissal. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). The "gist" standard is a "low threshold" that requires the petition to present only "a limited amount of detail," which is "something less than a completely pled or fully stated claim." *People v. Edwards*, 197 Ill. 2d 239, 244-45 (2001). Cowart's petition was sufficiently specific to communicate the legal principles supporting his constitutional claim; we accordingly reject the State's claim that its lack of detail was a proper basis for its dismissal.

The State also argues that Cowart forfeited all claims regarding the propriety of his home invasion convictions by failing to raise them in a direct appeal. It notes that Cowart's initial appeal to this court raised only one issue, Rule 604(d) compliance, and that the home invasion conviction was not addressed by this court. The State emphasizes that a defendant forfeits later postconviction review of an issue if it was available but not raised on direct appeal. *People v. Williams*, 209 Ill. 2d 227, 232-33 (2004).

Cowart's summary proceeding in this court was not a substantive review that resulted in forfeiture of issues not raised, however. Illinois reviewing courts have consistently held that where an appeal is taken without compliance with Rule 604(d), the appellate court's role is limited to remanding the cause to the circuit court for compliance. *People v. Foster*, 171 Ill. 2d 469, 473-74 (1996). If the defendant has filed the motion to withdraw his guilty plea as required by the rule, "the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *People v. Janes*, 158 Ill. 2d 27, 33 (1994).

In *Janes*, our supreme court explained that because Rule 604(d) allowed the forfeiture of issues not properly preserved for review, fundamental fairness required that a defendant be provided with the assistance of counsel as mandated by the rule before any such forfeiture. *Janes*, 158 Ill. 2d at 35. Since, as the *Janes* court explained, remand for the counsel assistance and certification required by Rule 604(d) is intended to protect defendants from forfeiture of issues, it is readily apparent that the process cannot be interpreted as an appeal that results in forfeiture.

We therefore conclude that the summary remand for noncompliance with the attorney certification requirement of Rule 604(d) must be interpreted, for the purposes of postconviction forfeiture analysis,

as are other failures to comply with the rule: "the same effect as the filing of no appeal at all, as there were no claims considered by the court." *People v. Teague*, 83 Ill. App. 3d 990, 994 (1980); see also *People v. Ross*, 352 Ill. App. 3d 617, 620 (2004).

A defendant forfeits issues for purposes of postconviction relief by taking a direct appeal which fails to raise those issues, but he does not forfeit issues by failing to appeal at all. *People v. Flores*, 153 Ill. 2d 264, 274 (1992), *People v. Ramirez*, 371 Ill. App. 3d 738, 742-43 (2007). Since Cowart's summary proceeding in this court is the equivalent of filing no appeal, he has not forfeited postconviction review of his allegations of violation of the one-act, one-crime principle. See *People v. Allen*, 40 Ill. App. 3d 972, 973 (1976).

■ We conclude that Cowart's postconviction petition made a sufficient allegation of a deprivation of constitutional rights to survive first-stage review under the Post-Conviction Hearing Act and that his argument regarding a violation of the one-act, one-crime principle was not forfeited. Accordingly, we also conclude that his petition was neither frivolous nor patently without merit and reverse the circuit court's dismissal of the petition. We remand the entire petition for further proceedings under the Post-Conviction Hearing Act. *People v. Rivera*, 198 Ill. 2d 364, 374 (2001). We reduce each of the sentences imposed in Nos. 94 CR 25257, 94 CR 25261 and 94 CR 25260 to 30 years; we also reduce the sentence in No. 94 CR 29080 to 60 years.

Reversed and remanded; sentences modified.

MURPHY, P.J., and QUINN, J., concur.