# Illinois Official Reports

## Appellate Court

***People v. Fredericks*, 2014 IL App (1st) 122122**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID LEE FREDERICKS, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-2122 |
| Filed | June 26, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Based on defendant's prior conviction for aggravated criminal sexual abuse and his guilty plea to possession of methamphetamine, defendant was properly required to register as a sex offender for life, notwithstanding his contention that section 3(c)(2.1) of the Sex Offender Registration Act was not intended to apply to him, especially when he had completed his 10-year period of registration for his prior conviction of attempted sexual abuse without reoffending and was not admonished of the possibility of retroactive lifetime sex offender registration upon pleading guilty to possession of methamphetamine, since no such admonishment was required, the legislature intended the notification requirement to be directory, not mandatory, registration was a collateral consequence of defendant's guilty plea, the Act is not unconstitutionally vague for purposes of due process, registration is not punitive for purposes of the *ex post facto* clause, and the retroactive application of lifetime registration does not violate the fifth, eighth or fourteenth amendment. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-C-220349; the Hon. Garritt E. Howard, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Jon F. Erickson, of Erickson & Oppenheimer, Ltd., of Chicago, for appellant. |
|---|---|
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Matthew Connors, and Anthony O'Brien, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE EPSTEIN delivered the judgment of the court, with opinion. Presiding Justice Howse and Justice Lavin concurred in the judgment and opinion. |

## OPINION

¶ 1 Defendant David Lee Fredericks pled guilty to one count of methamphetamine possession and was sentenced to two years' probation. As a result of his prior conviction for attempted aggravated criminal sexual abuse and his guilty plea in this case, defendant was required to register as a sex offender for life pursuant to section 3(c)(2.1) of the Sex Offender Registration Act (the Act). 730 ILCS 150/3(c)(2.1) (West 2012). Defendant filed a motion to withdraw his guilty plea, which the trial court denied.

¶ 2 Defendant appeals from the denial of his motion to withdraw his guilty plea, alleging: (1) the Act was not intended to apply to him; (2) the trial court failed to comply with the notice provisions of the Act; (3) his guilty plea was not knowing and voluntary because the trial court failed to admonish him of the possibility of retroactive lifetime sex offender registration; (4) the Act is unconstitutionally vague; (5) the retroactive application of lifetime sex offender registration is an unconstitutional *ex post facto* punishment; and (6) the Act violates the fifth, eighth, and fourteenth amendments to the United States Constitution. We find that the Act required defendant to register as a sex offender for life and that the trial court was not required to admonish defendant of his duty to register as a sex offender. With respect to defendant's constitutional challenges, we find that the Act is not vague and adhere to Illinois precedent upholding the retroactive application of the Act. Accordingly, we affirm the trial court's denial of defendant's motion to withdraw his guilty plea.

¶ 3                                    I. BACKGROUND

¶ 4 On May 10, 1999, defendant was convicted of attempted aggravated criminal sexual abuse. At the time of defendant's conviction, the Act required defendant to register as a sex offender for 10 years. Defendant completed his 10-year registration period without reoffending.

¶ 5 On June 10, 2011, defendant was arrested after police recovered 1.1 grams of methamphetamine in his bedroom. On May 21, 2012, defendant pled guilty to felony possession of methamphetamine in exchange for a sentence of two years' probation. During

the plea hearing, the trial court did not tell defendant that, as a result of his guilty plea, he would now be required to register as a sex offender for life.

¶ 6 Defendant filed a timely motion to withdraw his guilty plea. In the motion, defendant averred that the Act was unconstitutionally vague, that the Act was an unconstitutional *ex post facto* law, that he was not properly notified that he would be required to register, and that the Act violated the fifth, eighth, and fourteenth amendments to the United States Constitution.

¶ 7 At the hearing on defendant's motion to withdraw his guilty plea, defense counsel stated that defendant did not learn that he would have to register as a sex offender for life until after he pled guilty. The trial court, although noting that defendant was "being treated very harshly," denied defendant's motion. Defendant appeals.

¶ 8 II. ANALYSIS

¶ 9 Defendant challenges his guilty plea and raises various constitutional arguments on appeal. Before reaching these issues, we must first address the State's contention that this appeal should be dismissed for failure to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006).

¶ 10 A. Rule 604(d) Compliance

¶ 11 The State argues that defendant's appeal should be dismissed because defendant is seeking review of issues beyond the scope of his motion to withdraw his guilty plea. According to the State, "the constitutionality of the *** Act does not affect the validity of defendant's guilty plea or the circuit court's order denying withdrawal of the plea." Defendant responds that the Act is at issue because his lifetime registration as a sex offender was a direct result of his guilty plea in this case. Moreover, defendant avers that the trial court's failure to admonish him of the registration requirement rendered his guilty plea involuntary.

¶ 12 Illinois Supreme Court Rule 604(d) provides that, before a defendant may appeal his plea of guilty, he must first file a motion to withdraw his plea within 30 days of the imposition of his sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2006). If that motion is denied, defendant then has 30 days from the denial of the motion to appeal. *Id.* "[W]here a defendant fails to comply with the motion requirements of Rule 604(d), the appellate court must dismiss the appeal." *People v. Breedlove*, 213 Ill. 2d 509, 514 (2004).

¶ 13 In this case, defendant complied with Rule 604(d). The record shows that defendant filed a motion to withdraw his guilty plea within 30 days of his sentencing. After the trial court denied that motion, defendant filed a timely notice of appeal. The State does not contest these facts.

¶ 14 We disagree with the State that defendant's challenge to the constitutionality of the Act requires that his appeal be dismissed. A defendant may challenge the constitutionality of a criminal statute at any time. *People v. Winningham*, 391 Ill. App. 3d 476, 480 (2009). The Illinois Supreme Court has found that a defendant who pleads guilty to an offense requiring sex offender registration may challenge the constitutionality of the registration statute for the first time on appeal. *In re J.W.*, 204 Ill. 2d 50, 61-62 (2003). Here, defendant raised the same constitutional challenges in his motion to withdraw his plea that he now asserts on appeal. As a result of his guilty plea in this case, defendant was required to register as a sex offender for life. Defendant's challenge to the constitutionality of his sex offender registration does not violate Rule 604(d). We decline to dismiss defendant's appeal.

¶ 15    We now turn to defendant's contentions of error. We will first address defendant's nonconstitutional arguments. See *People v. Brown*, 225 Ill. 2d 188, 200 (2007) ("If a court can resolve a case on nonconstitutional grounds, it should do so. [Citation.] Constitutional issues should be reached only as a last resort.").

¶ 16                                    B. Statutory Interpretation

¶ 17    Defendant does not raise a separate statutory interpretation argument on appeal. Rather, as part of his constitutional arguments, he contends that the Act does not apply to him. Specifically, defendant argues that the retroactive application of lifetime registration was intended to apply only to defendants who complete a registration period, then "commit[ ] another *** sexually-motivated crime." Defendant reasons that, because he was not convicted of a sex offense in the instant case, he should not be required to register as a sex offender. The State responds that the plain language of the Act applies to all felonies, not just sex offenses. We find that defendant falls within the plain language of the statute.

¶ 18    This is an issue of statutory interpretation, a question of law subject to *de novo* review. *People v. Howard*, 228 Ill. 2d 428, 432 (2008). The primary goal in construing the language of a statute is to determine the intent of the legislature. *Hubble v. Bi-State Development Agency of the Illinois-Missouri Metropolitan District*, 238 Ill. 2d 262, 268 (2010). The best indicator of legislative intent is the statutory language, given its plain and ordinary meaning. *Id.* We view the statute as a whole and interpret different provisions of the statute in conjunction with one another. *Id.* Because we presume the legislature did not intend to produce "absurd, inconvenient or unjust results," "where a plain or literal application of a statute would produce such results, the literal reading must yield." *In re Estate of Wilson*, 238 Ill. 2d 519, 560 (2010). "We strictly construe criminal statutes in favor of the accused." *People v. Grever*, 222 Ill. 2d 321, 338 (2006).

¶ 19    Section 2(E)(1) of the Act defines "sexual predator" as:

"[A]ny person who, after July 1, 1999, is:

*** Convicted of a violation or attempted violation of any of the following Sections of the Criminal Code of 1961 ***:

* * *

11-1.60 or 12-16 (aggravated criminal sexual abuse)[.]" 730 ILCS 150/2(E)(1) (West 2012).

Section 2(E)(7) expands the definition of "sexual predator" to include individuals who committed an offense listed in section 2(E)(1) *before* July 1, 1999, and who have been "convicted of a felony offense after July 1, 2011." 730 ILCS 150/2(E)(7) (West 2012). Section 2(E)(7) further provides that section 3(c)(2.1) of the Act applies to such defendants. *Id.*

¶ 20    Section 3(c)(2.1) outlines the duty to register for "sexual predators" as defined by section 2(E)(7):

"A person who previously was required to register under this Act for a period of 10 years and successfully completed that registration period has a duty to register if: (i) the person has been convicted of any felony offense after July 1, 2011, and (ii) the offense for which the 10 year registration was served currently requires a registration period of more than 10 years." 730 ILCS 150/3(c)(2.1) (West 2012).

A defendant required to register under section 3(c)(2.1) "shall register for the period currently required for the offense for which the person was previously registered." 730 ILCS 150/7 (West 2012).

¶ 21 Pursuant to these provisions, defendant must register as a sex offender for life. Defendant was convicted of attempted aggravated criminal sexual abuse on May 10, 1999. At the time of his conviction, defendant was required to register as a sex offender for 10 years. 730 ILCS 150/2(B)(1), 3(a), 7 (West 1998). Under current law, however, a defendant convicted of attempted aggravated criminal sexual abuse must register for life. 730 ILCS 150/7 (West 2012). On May 21, 2012, defendant pled guilty to felony possession of methamphetamine. Therefore, defendant is now considered a "sexual predator" under the Act, and he must register as a sex offender for life.

¶ 22 Nothing in the language of sections 2(E)(7) and 3(c)(2.1) limits the application of retroactive lifetime registration to defendants whose subsequent conviction is for a sex offense. Rather, the plain language of section 3(c)(2.1) provides that a "person [who] has been convicted of *any* felony offense after July 1, 2011," and who has a prior conviction for a sex offense now requiring lifetime registration, must register for life. (Emphasis added.) 730 ILCS 150/3(c)(2.1) (West 2012). By using the word, "any," the legislature expressed its intent to apply retroactive lifetime registration to all defendants convicted of felonies, not just those convicted of sex offenses. See, *e.g.*, *People v. Hudson*, 228 Ill. 2d 181, 193 (2008) ("We assume there was significance to the use of the broader term '*any* injury.' Use of the more inclusive term in this context could only mean that the phrase refers to both physical *and* psychological injury or harm." (Emphases in original.)). Because defendant pled guilty to a felony offense in this case, he falls within the intended scope of sections 2(E)(7) and 3(c)(2.1).

¶ 23 Our conclusion is bolstered by other provisions of the Act. "When the legislature uses certain language in one part of a statute and different language in another, we may assume different meanings were intended." *Id.* Section 2(B) of the Act defines the term "sex offense," and several other sections of the Act repeat it. 730 ILCS 150/2(A)(1), (B), 3(a), 6 (West 2012). If the legislature intended sections 2(E)(7) and 3(c)(2.1) to apply only to sex offenses, it could have used the phrase "sex offense" instead of "any felony offense." See, *e.g.*, *Hudson*, 228 Ill. 2d at 193 ("If, as defendant suggests, the legislators intended to limit the otherwise expansive phrase 'any injury,' they could have simply used the phrase 'bodily injury' or 'bodily harm,' *** as they have done in myriad other instances throughout the Criminal Code."). Because the legislature used the phrase "any felony offense" instead of "sex offense," the legislature expressed its intent to apply retroactive lifetime sex offender registration to defendants who were previously required to register as sex offenders and who have subsequently committed a felony, even if that felony is not sexually motivated.

¶ 24 We need not resort to additional aids of statutory interpretation because the language of sections 2(E)(7) and 3(c)(2.1) is clear. *People v. Tara*, 367 Ill. App. 3d 479, 484 (2006). We find that, pursuant to the plain language of the Act, defendant was subject to retroactive lifetime registration as a sex offender.

¶ 25 C. Statutory Notice

¶ 26 Defendant argues that sections 5 and 5-7 of the Act required that he be notified of his duty to register before entering his plea. He contends that the trial court's failure to do so should permit him to withdraw his guilty plea. The State does not dispute that the trial court did not

comply with the notice requirements of the Act. Rather, the State argues that the trial court's failure to do so does not provide grounds for defendant to withdraw his plea. We agree with the State.

¶ 27       This presents a question of statutory interpretation, which we review *de novo*. *Howard*, 228 Ill. 2d at 432. The primary goal in construing the language of a statute is to determine the intent of the legislature. *Hubble*, 238 Ill. 2d at 268. The best indicator of legislative intent is the statutory language, given its plain and ordinary meaning. *Id.* If the plain language of the statute is unambiguous, we will not resort to outside aids in interpreting the statute. *Tara*, 367 Ill. App. 3d at 484.

¶ 28       The Act states, in relevant part, that "[a] person with a duty to register under paragraph (2.1) of subsection (c) of Section 3, who is released on probation or conditional discharge for conviction on a felony offense committed on or after July 1, 2011, shall, prior to release be notified of his or her duty to register as set forth in Section 5 of this Act." 730 ILCS 150/5-7 (West 2012). Section 5 of the Act directs the trial court to notify a defendant of his duty to register before he is released on probation:

> "Any *** sexual predator *** who is released on probation *** shall, prior to such release be informed of his or her duty to register under this Article by the Court in which he or she was convicted. *** The Court shall require the person to read and sign such form as may be required by the Department of State Police stating that the duty to register and the procedure for registration has been explained to him or her and that he or she understands the duty to register and the procedure for registration. The Court shall further advise the person in writing that the failure to register or other violation of this Article shall result in probation revocation. The Court shall obtain information about where the person expects to reside, work, and attend school upon his or her release, and shall report the information to the Department of State Police." 730 ILCS 150/5 (West 2012).

Defendant was sentenced to two years' probation for his conviction in this case. As stated above, defendant was required to register under section 3(c)(2.1). Accordingly, section 5-7 of the Act required the trial court to notify defendant of his duty to register in accord with section 5. Neither party disputes that the trial court did not so notify defendant.

¶ 29       That still leaves the question of the effect of the trial court's noncompliance. The State contends that the trial court's failure to admonish defendant pursuant to section 5 does not afford defendant the right to withdraw his plea. Defendant maintains that the trial court failed to admonish him of the "clear and severe penalty" of sex offender registration, and he should thus be permitted to withdraw his plea. No court has directly addressed whether a guilty plea may be withdrawn because of a trial court's failure to comply with section 5 or 5-7.

¶ 30       The language of sections 5 and 5-7 demonstrates that these provisions were not intended to afford defendant any relief because he has not been charged with violating his probation. The Act requires a trial court to notify a defendant "who is released on probation or conditional discharge" of his duty to register. 730 ILCS 150/5-7 (West 2012). The court must "further advise the person in writing that the failure to register or other violation of this Article shall result in probation revocation." 730 ILCS 150/5 (West 2012). This language shows that these provisions were designed to protect defendants from inadvertently violating their probation because they did not know that they had to register as sex offenders. Here, defendant was not charged with violating his probation; he seeks to withdraw his guilty plea because the trial

court did not tell him he would have to register as a sex offender. Sections 5 and 5-7 thus offer no relief to defendant in the instant case.

¶ 31     Even if sections 5 and 5-7 were intended to apply in the absence of probation revocation proceedings, they would not entitle defendant to withdraw his plea because they impose a directory–rather than mandatory–duty on the trial court. The Illinois Supreme Court addressed a similar issue in *People v. Delvillar*, 235 Ill. 2d 507 (2009). At issue in *Delvillar* was a statute stating that a trial court, "[b]efore the acceptance of a plea of guilty," "shall" advise the defendant that his guilty plea may have deportation consequences if he is not a United States citizen. (Internal quotation marks omitted.) *Id.* at 513. The defendant argued that he should have been allowed to withdraw his guilty plea because the trial court failed to deliver this admonition. *Id.* at 512.

¶ 32     The *Delvillar* court noted that language "issuing a procedural command to a government official indicates an intent that the statute is directory." *Id.* at 517. The *Delvillar* court found that the provision was directory rather than mandatory because the statute did not prohibit the trial court from accepting defendant's plea if the court did not deliver the admonition. *Id.* at 519. The court further found that the legislature did not intend the statute to be mandatory because a defendant's right to enter a guilty plea would "not necessarily be harmed in the absence of the admonishment": a defendant may have reasons for pleading guilty despite the possibility of deportation. *Id.* Thus, the *Delvillar* court concluded that the defendant was not entitled to withdraw his guilty plea solely due to the trial court's failure to comply with the statute. *Id.*

¶ 33     Like the statute at issue in *Delvillar*, the Act imposes no consequences on the trial court for failing to comply with section 5. It does not preclude the trial court from accepting a guilty plea or sentencing a defendant if the court does not notify a defendant of his duty to register as a sex offender. To the contrary, section 3(c)(2.5) of the Act directs "a criminal justice entity" to notify a defendant of his duty to register if the defendant has not already been notified by the court. 730 ILCS 150/3(c)(2.5) (West 2012). This provision shows that the legislature contemplated the possibility that trial courts would not comply with sections 5 and 5-7. Yet the legislature prescribed no remedy for that noncompliance other than having another entity notify the defendant of his duty to register. If the legislature intended sections 5 and 5-7 to be mandatory, it would have required some other consequence for a court's noncompliance with those sections.

¶ 34     It is also unlikely that a directory reading of sections 5 and 5-7 will impact a defendant's right to plead guilty. A defendant may wish to plead guilty regardless of his being required to register as a sex offender. For example, in this case, defendant pled guilty and received two years' probation, thereby avoiding the possibility of serving two to five years in prison. See 720 ILCS 646/60(b)(1) (West 2010) (possession of less than five grams of methamphetamine is a Class 3 felony); 730 ILCS 5/5-4.5-40(a) (West 2010) (Class 3 felonies have a sentencing range of two to five years' incarceration). Although defendant seeks to withdraw his guilty plea because he is obliged to register, the legislature could reasonably conclude that another defendant would find sex offender registration a less severe consequence than incarceration. Consequently, we find that the legislature intended sections 5 and 5-7 to be directory rather than mandatory.

¶ 35     Sections 5 and 5-7 do not apply to the instant case because defendant has not been charged with violating his probation. Defendant also cannot seek to withdraw his guilty plea on

statutory grounds alone because sections 5 and 5-7 imposed a directory rather than mandatory duty on the trial court. *Delvillar*, 235 Ill. 2d at 519. We turn, therefore, to the question of whether defendant should be permitted to withdraw his plea on due process grounds.

¶ 36                                   D. Voluntariness of Plea

¶ 37      Defendant argues that he did not knowingly and voluntarily plead guilty because the trial court did not inform him that he would be required to register as a sex offender for life. The State contends that defendant forfeited this claim by failing to articulate his due process claim in his opening brief. The State also responds that sex offender registration was a collateral consequence of defendant's guilty plea and, as such, the trial court did not have to admonish defendant of it.

¶ 38      Defendant did not expressly articulate a due process challenge to his guilty plea until he filed his reply brief. Generally, issues raised for the first time in a reply brief are forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013); *People v. Owsley*, 2013 IL App (1st) 111975, ¶ 32. However, defendant's opening brief did argue that the trial court's failure to admonish him of his duty to register as a sex offender for life rendered his guilty plea invalid. The State responded to this argument as a due process challenge and defendant articulated his due process claim more clearly in his reply brief. Accordingly, we will consider the merits of defendant's argument.

¶ 39      We review the trial court's decision to grant or deny a motion to withdraw a guilty plea for an abuse of discretion. *Delvillar*, 235 Ill. 2d at 519. An abuse of discretion occurs only when the trial court's ruling is arbitrary, fanciful, or unreasonable. *Id.* A defendant must show a manifest injustice in order to withdraw his guilty plea. *Id.* at 520.

¶ 40      Due process requires that a guilty plea be entered knowingly and voluntarily. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2; *Boykin v. Alabama*, 395 U.S. 238 (1969); *People v. Walker*, 109 Ill. 2d 484, 497 (1985). Before accepting a guilty plea, a trial court must inform a defendant of the direct consequences of his plea. *Delvillar*, 235 Ill. 2d at 520. "Direct consequences of a plea are those consequences affecting the defendant's sentence and other punishment that the circuit court may impose." *Id.* Lifetime sex offender registration "is not a constraint on liberty and is merely a collateral consequence of the defendant's conviction." *People v. Presley*, 2012 IL App (2d) 100617, ¶ 28; see also *People v. Downin*, 394 Ill. App. 3d 141, 146 (2009).

¶ 41      Defendant recognizes that sex offender registration is a collateral consequence of pleading guilty, but contends that the rationale of *Padilla v. Kentucky*, 559 U.S. 356 (2010), should be extended to require a trial court to admonish a defendant of mandatory lifetime sex offender registration. In *Padilla*, the United States Supreme Court held that the sixth amendment right to effective assistance of counsel required an attorney to advise his or her client of the immigration consequences of a guilty plea. *Id.* at 364-66. The Illinois Supreme Court has extended *Padilla* to an attorney's failure to inform his or her client that a guilty plea could lead to involuntary commitment as a sexually violent person. *People v. Hughes*, 2012 IL 112817, ¶¶ 43-62; see also *People v. Dodds*, 2014 IL App (1st) 122268, ¶ 38 (failure to inform client of required sex offender registration may constitute ineffective assistance of counsel).

¶ 42      Defendant does not contend that his attorney rendered ineffective assistance, however. Rather, he argues that the *trial court's* failure to inform him of his lifetime sex offender registration violated his due process rights. Since *Padilla*, our supreme court has maintained

that due process does not require a trial court to admonish a defendant of the collateral consequences of his guilty plea. *E.g.*, *Hughes*, 2012 IL 112817, ¶¶ 35-41 (due process does not require a court to admonish defendant regarding the possibility of civil commitment as a sexually violent person); *Delvillar*, 235 Ill. 2d at 521-22 (due process does not require a trial court to admonish a defendant of the immigration consequences of his plea, even after *Padilla*). Likewise, we decline to extend *Padilla* to require trial courts to inform defendants of sex offender registration before accepting a guilty plea.

¶ 43 Defendant does not contend that his guilty plea was involuntary for any reason other than the trial court's failure to admonish him of his lifetime sex offender registration. The trial court was not required to advise defendant of that collateral consequence of his guilty plea, however, so defendant cannot establish a due process violation solely on that basis. The trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea on due process grounds.

¶ 44                                                    E. Vagueness

¶ 45 Defendant asserts that the definition of "sexual predator" in section 2(E)(7) of the Act is unconstitutionally vague because it conflicts with the definition of "sexual predator" in section 2(E)(1). Defendant argues that these provisions conflict because section 2(E)(1) defines "sexual predator" as a defendant convicted of a specified sex offense after July 1, 1999, whereas section 2(E)(7) defines the same term to mean a defendant convicted of a specified sex offense before July 1, 1999. The State replies that these provisions do not conflict because they apply the "sexual predator" label to discrete classes of offenders. We find no conflict or vagueness in these provisions.

¶ 46 The constitutionality of a statute is a question of law subject to *de novo* review. *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 290 (2003). Statutes are presumed to be constitutional and the party challenging the constitutionality of the statute bears the burden of clearly establishing its invalidity. *Id.*

¶ 47 Vagueness challenges stem from the due process clause's notice requirement. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2; *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988); *Wilson v. County of Cook*, 2012 IL 112026, ¶ 21. A criminal statute is vague if it: (1) fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits so that one may act accordingly; or (2) fails to provide reasonable standards to law enforcement to ensure against authorizing or encouraging arbitrary and discriminatory enforcement. *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Wilson*, 2012 IL 112026, ¶ 21. A statute is unconstitutionally vague "only if its terms are so ill-defined that the ultimate decision as to its meaning rests on the opinions and whims of the trier of fact rather than any objective criteria or facts." *People v. Einoder*, 209 Ill. 2d 443, 451 (2004).

¶ 48 Section 2(E)(1) defines "sexual predator" as a defendant convicted of one of several enumerated sex offenses after July 1, 1999. 730 ILCS 150/2(E)(1) (West 2012). Section 2(E)(7) defines the same term to include defendants who committed one of those offenses before July 1, 1999, and who have been "convicted of a felony offense after July 1, 2011." 730 ILCS 150/2(E)(7) (West 2012). There is no conflict between these provisions. Section 2(E)(1) is intended to apply prospectively, to any person convicted of a sex offense after July 1, 1999. Section 2(E)(7) is designed to apply retroactively, to those who were convicted of sex offenses prior to that date and who are subsequently convicted of any felony.

¶ 49    Nor is there any conflict in these provisions in this case. Defendant was convicted of attempted aggravated criminal sexual abuse before July 1, 1999. Therefore, he was not considered a "sexual predator" under section 2(E)(1). When he pled guilty to a felony in the instant case, however, he became a "sexual predator" under section 2(E)(7). Defendant has not shown any conflict in the Act's application to him.

¶ 50    We find no other vagaries in the language of sections 2(E)(1) or 2(E)(7). Both provisions detail objective criteria by which the term, "sexual predator," is applied. Defendants must be convicted of one of several offenses that are specified in the statute. A defendant either must have committed one of those offenses after July 1, 1999, or have committed one of those offenses before July 1, 1999 and been subsequently convicted of a felony. These criteria sufficiently notify individuals of what conduct classifies a person as a "sexual predator" and limit the application of the Act to those individuals convicted of the offenses laid out in the statute, thereby guarding against arbitrary enforcement. We find that these provisions do not violate the due process clause on vagueness grounds.

¶ 51                                    F. *Ex Post Facto*

¶ 52    Defendant claims that the retroactive application of lifetime sex offender registration under section 3(c)(2.1) of the Act violates the constitutional prohibition of *ex post facto* laws. The State argues that the retroactive application of lifetime sex offender registration cannot violate *ex post facto* principles because sex offender registration is not "punishment." We agree with the State.

¶ 53    The constitutionality of a statute is a question of law subject to *de novo* review. *Cryns*, 203 Ill. 2d at 290. Statutes are presumed to be constitutional and the party challenging the constitutionality of the statute has the burden of clearly establishing its invalidity. *Id.*

¶ 54    The *ex post facto* clauses of the United States and Illinois Constitutions prohibit the retroactive application of laws inflicting greater punishment than the law in effect at the time a crime was committed. U.S. Const., art. I, § 10, cl. 1; Ill. Const. 1970, art. I, § 16; *Smith v. Doe*, 538 U.S. 84, 92 (2003); *People v. Cornelius*, 213 Ill. 2d 178, 207 (2004). Whether a law constitutes "punishment" or not hinges upon whether the legislature intended the law to establish civil proceedings or impose punishment. *Smith*, 538 U.S. at 92. Even if the intention was to enact a civil regulatory scheme, however, the law may violate the clause where "the clearest proof" shows that it is "so punitive either in purpose or effect" as to constitute punishment. (Internal quotation marks omitted.) *Id.*; *People v. Malchow*, 193 Ill. 2d 413, 421 (2000).

¶ 55    The United States and Illinois Supreme Courts have consistently held that the retroactive application of sex offender registration is not "punishment" prohibited by the *ex post facto* clause. *Smith*, 538 U.S. at 105-06; *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 210-11 (2009); *Malchow*, 193 Ill. 2d at 424. While defendant maintains that registration constitutes punishment because it will lead to stigmatization in the community and limit his job opportunities, those courts have considered the same arguments in rejecting *ex post facto* challenges to sex offender registration. *Smith*, 538 U.S. at 98-99, 101; *Malchow*, 193 Ill. 2d at 420-24.

¶ 56    Defendant asks us to follow *Gonzalez v. State*, 980 N.E.2d 312, 321 (Ind. 2013), which held that the retroactive imposition of lifetime sex offender registration violated the Indiana Constitution's *ex post facto* clause as applied to the defendant. The *Gonzalez* court noted that

Indiana courts do not accept the United States Supreme Court's heightened standard of "clearest proof" in evaluating whether a law has punitive effects or not. *Id.* at 316 n.3; see also *Smith*, 538 U.S. at 92. Illinois courts use a different standard than Indiana: "the *ex post facto* clause in the Illinois Constitution does not provide greater protection than that offered under the United States Constitution." *Konetski*, 233 Ill. 2d at 209. Our supreme court has applied the same "clearest proof" standard as the United States Supreme Court. *Malchow*, 193 Ill. 2d at 421. This precedent compels us to decline to accept *Gonzalez* as authority for granting relief to defendant.

¶ 57   Defendant also argues that his case is distinguishable from prior cases finding that sex offender registration is not punitive because his registration was triggered by his conviction for a drug offense rather than a sex offense. According to defendant, the Act "should only be applied to individuals who have been convicted of a relevant criminal offense." He argues that, because he completed his 10-year registration for his 1999 conviction and he has not committed another sex offense, imposing sex offender registration on him can only be construed as retroactive punishment for his 1999 conviction.

¶ 58   Defendant is correct that section 3(c)(2.1)'s application to defendants convicted of any felony–as opposed to defendants convicted of sex offenses–affects whether sex offender registration constitutes punishment. In determining whether an ostensibly civil statute has a punitive effect, we look to seven factors: (1) whether the sanction involves an affirmative disability or restraint; (2) whether the sanction has been historically regarded as punishment; (3) whether the sanction comes into play only on a finding of *scienter*; (4) whether operation of the sanction will promote retribution and deterrence; (5) whether the behavior to which the sanction applies is already a crime; (6) whether an alternative purpose to which the sanction may rationally be connected is assignable to it; and (7) whether the sanction appears excessive in relation to the alternative purpose assigned. *Malchow*, 193 Ill. 2d at 421 (citing *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)). In *Malchow*, the Illinois Supreme Court found that four of the first five factors outlined above weigh in favor of finding that the Act does not impose punishment. *Id.* at 421-23. With respect to the sixth factor, the court stated that sex offender registration and community notification legitimately served the "purpose [of] protection of the public rather than punishment." *Id.* at 423. As to the seventh factor, the court found that notifying the public of a defendant's sex-offender status was not an excessive means to achieve that end. *Id.* at 423-24.

¶ 59   In this case, the sixth and seventh factors weigh more heavily in defendant's favor. The need to protect the public from sex offenders is diminished with respect to defendant, who has not been convicted of a sex offense since 1999. The imposition of lifetime sex offender registration also is more excessive in its impact on defendant, since he already completed a 10-year registration period without reoffending, and his later conviction was for a drug offense rather than a sex offense. The retroactive application of lifetime sex offender registration to this defendant appears more punitive.

¶ 60   These facts do not persuade us, however, that this case is distinct from our supreme court's precedent. Even though the sixth and seventh factors weigh more in defendant's favor in this case than in *Malchow*, they are insufficient to change the nature of sex offender registration from a civil regulatory scheme to a punishment. Section 3(c)(2.1) still serves the purpose of protecting the public from sex offenders: it requires both that a defendant be previously convicted of a sex offense and that the prior sex offense now be one with a longer registration

period. 730 ILCS 150/3(c)(2.1) (West 2012). Section 3(c)(2.1) also limits its applications to defendants who have committed a new felony and have thus shown a general tendency to recidivate. *Id.* The fact that the Act did not require defendant to commit another sex offense before subjecting him to lifetime registration is insufficient reason to now conclude that sex offender registration is punitive.

¶ 61 We adhere to federal and Illinois precedent finding that sex offender registration is not punitive for purposes of the *ex post facto* clause. Although it has a more punitive effect in this case, where defendant has not committed another sex offense since completing his 10-year registration requirement, this fact alone does not make retroactive sex offender registration punitive. We thus reject defendant's *ex post facto* claim.

¶ 62                               G. Fifth, Eighth, and Fourteenth Amendments

¶ 63 Defendant's final contention is that the retroactive application of lifetime sex offender registration is "excessive, overbroad, and bear[s] no rational relationship to State interests," in violation of the fifth, eighth and fourteenth amendments to the United States Constitution. Defendant cites no authority for his arguments and does not articulate his claims beyond stating that "these newly enacted statutes go too far."

¶ 64 Illinois Supreme Court Rule 341(h)(7) requires that an appellant's brief "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013). "[I]t is well settled that *** bare contentions that fail to cite any authority do not merit consideration on appeal." *In re Marriage of Johnson*, 2011 IL App (1st) 102826, ¶ 25. Defendant has failed to raise this issue adequately and we decline to address it in this appeal.

¶ 65                                            III. CONCLUSION

¶ 66 For the reasons stated above, we affirm the trial court's order denying defendant's motion to withdraw his guilty plea.

¶ 67 Affirmed.