# Illinois Official Reports

## Appellate Court

---

**People v. Cowart, 2015 IL App (1st) 131073**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT COWART, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-13-1073 |
| Filed | February 17, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's *pro se* motion for relief under the Post-Conviction Hearing Act was affirmed, regardless of his contention that *Padilla v. Kentucky*, a decision of the United States Supreme Court, required a plea court to admonish defendant of the requirement of registering as a sex offender upon a mandatory supervised release term, since defendant, on appeal, failed to make a substantial showing of a constitutional violation. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 94-CR-25257 through 94-CR-25261, 94-CR-28843, 94-CR-28844, 94-CR-29080; the Hon. Thomas V. Gainer, Jr., Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, of State Appellate Defender's Office, of Chicago (Alan D. Goldberg and Robert Hirschhorn, of counsel), for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Tasha-Marie Kelly, and Gina DiVito, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Delort and Justice Cunningham concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Robert Cowart appeals from an order of the circuit court of Cook County granting the State's motion to dismiss his *pro se* petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 (West 2010)). On appeal, defendant contends that the reasoning used by the United States Supreme Court in *Padilla v. Kentucky*, 559 U.S. 356 (2010), and by the Illinois Supreme Court in *People v. Hughes*, 2012 IL 112817, required the plea court to admonish him of the requirement that he register as a sex offender. He asks this court to remand his case for an evidentiary hearing under the Act. We affirm.

¶ 2    In late 1994, defendant was indicted with multiple crimes stemming from separate residential break-ins. Defendant was charged with sexually assaulting or attempting to sexually assault at least one woman at each of the break-ins. His indictments also included multiple charges of home invasion, armed robbery, aggravated battery, and residential burglary. Defendant initially pleaded not guilty to all charges. In January 1996, both the State and defendant answered ready for trial on charges relating to one of the residential break-ins. Before a jury was selected, defense counsel indicated that defendant wished to change his plea. After brief negotiations between the State and defense counsel, the parties reached an agreement. Defendant pleaded guilty on each of the eight cases and received concurrent sentences as follows:

- No. 94 CR 25257–two counts of home invasion and two counts of aggravated criminal sexual assault with a 65-year sentence;
- No. 94 CR 25258–one count of home invasion and one count of aggravated criminal sexual assault with a 60-year sentence;
- No. 94 CR 25259–one count of home invasion and one count of aggravated criminal sexual assault with a 60-year sentence;
- No. 94 CR 25260–one count of home invasion with a 60-year sentence;
- No. 94 CR 25261–one count of armed robbery, one count of home invasion, and one count of attempted aggravated criminal sexual assault with a 65-year sentence;

- No. 94 CR 28843–one count of home invasion and two counts of aggravated criminal sexual assault with a 65-year sentence;
- No. 94 CR 28844–one count of residential burglary and one count of attempted aggravated criminal sexual assault with a 30-year sentence; and
- No. 94 CR 29080–one count of home invasion and one count of attempted aggravated criminal sexual assault with a 65-year sentence.

¶ 3 The trial court advised defendant of the rights waived by pleading guilty, specified the charges, and found that his pleas were knowingly and voluntarily entered. The State then gave separate factual bases for each of the eight break-ins to which defendant stipulated. Neither the trial court nor the State mentioned or admonished defendant that he would be required to register as a sex offender under the Sex Offender Registration Act (730 ILCS 150/1 (West 1996)). The court accepted defendant's pleas and sentenced defendant in accordance with his agreement with the State.

¶ 4 Within 28 days of his guilty pleas, defendant filed a *pro se* motion to withdraw his pleas and vacate his sentences, which the trial court denied. Defendant appealed, arguing that the trial court had violated Illinois Supreme Court Rule 604(d) (eff. Aug. 1, 1992) by failing to appoint counsel to assist him with his motion. This court summarily remanded defendant's case for appointment of counsel. *People v. Cowart*, No. 1-96-2274 (1997) (dispositional order). On remand, the trial court appointed counsel for defendant who filed an amended motion to withdraw defendant's pleas. The court denied the amended motion.

¶ 5 In October of 2006, defendant filed a *pro se* petition under the Act. 725 ILCS 5/122-1 (West 2004). In that petition, he argued, *inter alia*, that the trial court's failure "to admonish him of the condition of registering as a sex offender upon supervised release term" substantially violated his constitutional rights. The trial court dismissed the petition as frivolous and patently without merit. Defendant appealed the dismissal to this court. He argued, in relevant part, that the lower court erred in dismissing his petition because it stated the gist of an argument that his convictions violated his constitutional rights. This court, in a published opinion, concluded defendant's petition "was neither frivolous nor patently without merit" and reversed the dismissal, remanding the entire petition for further proceedings under the Act. *People v. Cowart*, 389 Ill. App. 3d 1046, 1052 (2009). This court also vacated one of defendant's home invasion charges and reduced the extended-term sentences on several of defendant's charges. *Id.* Defendant's aggregate 65-year term remained unchanged.

¶ 6 Following remand, the trial court appointed counsel for defendant who filed a supplement to defendant's *pro se* petition. The supplement listed several new sentencing issues and reiterated the claims of defendant's *pro se* petition. The State moved to dismiss the motion arguing, in relevant part, that the petition was untimely and the trial court was not required to admonish defendant regarding his mandatory registration as a sex offender because it was only a collateral consequence of his plea. The trial court dismissed defendant's petition, concluding that defendant's untimely filing of his postconviction petition was "a sufficient ground for dismissal." The court then alternatively held, "As the State correctly explains, it is well-stated that registration as a sex offender is a collateral consequence of petitioner's guilty plea, of which the court had no duty to admonish him. [Citation.] This claim is without merit and must fail." Defendant appeals.

¶ 7      Defendant contends that his postconviction petition made a substantial showing that his constitutional rights were violated and thus the trial court erred when it dismissed his petition without holding an evidentiary hearing. He notes that it is clear from the record that the lower court never admonished him that his guilty pleas would require him to register as a sex offender. He argues that rulings by the United States Supreme Court, in *Padilla v. Kentucky*, 559 U.S. 356 (2010), and by the Illinois Supreme Court, in *People v. Hughes*, 2012 IL 112817, supersede Illinois Appellate Court cases holding that registration as a sex offender is a collateral consequence of conviction and that admonishment is required for only direct, not collateral consequences. See, *e.g.*, *People v. Fredericks*, 2014 IL App (1st) 122122, ¶ 41.

¶ 8      The State first responds that defendant forfeited this issue by failing to include it in his original appeal and that defendant's petition fails to meet the affidavit requirements of section 122-2 of the Act. 725 ILCS 5/122-2 (West 2010). Alternatively, the State argues that defendant failed to make a substantial showing of a constitutional violation, because the lower court was not required to admonish him of the collateral consequences of his plea. We first address the State's two procedural arguments in turn before analyzing defendant's claim on its merits.

¶ 9      The State first argues that defendant forfeited the issue of admonishment by failing to include it in his original appeal to this court. It notes that in his direct appeal, defendant only argued that his motion to withdraw his guilty plea had not been reviewed in accordance with Supreme Court Rule 604(d). In defendant's second appeal, the State raised a similar forfeiture argument in regard to a different issue raised in defendant's postconviction petition. *Cowart*, 389 Ill. App. 3d at 1051. We find our reasoning in the prior appeal equally applicable here. Any claims made in a postconviction petition that could have been raised on direct appeal are procedurally defaulted. *People v. Williams*, 209 Ill. 2d 227, 232-33 (2004). However, a defendant's failure to appeal does not forfeit such issues. *People v. Flores*, 153 Ill. 2d 264, 274 (1992). In postconviction forfeiture analysis, a summary remand for noncompliance with Rule 604(d) is treated as if the defendant filed no appeal at all. *Cowart*, 389 Ill. App. 3d at 1051-52 (citing *People v. Teague*, 83 Ill. App. 3d 990, 994 (1980)). Since defendant's original appeal is the equivalent of filing no appeal, he has not forfeited his claim regarding failure to admonish.

¶ 10     Next, the State argues that defendant's petition fails to meet the requirements of section 122-2 of the Act. 725 ILCS 5/122-2 (West 2010). The State asserts that defendant has provided no affidavit or other support to show that he would not have pleaded guilty if he had been admonished of his duty to register. It notes that his claim is predicated only on an affidavit by the defendant stating that he told his trial counsel that he was "dissatisfied" with the plea offer. Defendant responds that the State has waived this argument by failing to include it in its motion to dismiss. We agree.

¶ 11     The State forfeits a nonjurisdictional procedural challenge to a postconviction petition when it fails to raise that challenge in a motion to dismiss. *People v. Turner*, 2012 IL App (2d) 100819, ¶ 42. In *Turner*, the defendant failed to include a verification affidavit with his postconviction petition. *Id.* ¶ 35. While the State argued on appeal that the *Turner* defendant's petition should be dismissed because of that failure, it had not included that argument in its motion to dismiss. *Id.* ¶ 42. The reviewing court reasoned that had the State included the argument in its motion, the defendant could have sought leave to rectify the deficiency. *Id.* ¶ 43. The *Turner* court held the State had forfeited the issue. *Id.* ¶ 44. We find

*Turner* persuasive. Had the State raised defendant's lack of supporting affidavits in its motion to dismiss, defendant could have supplied the affidavits. In failing to do so, the State has procedurally defaulted the issue and we need not determine whether the dismissal can be affirmed on that basis. *Id.*

¶ 12 We now turn to the substantive merits of defendant's claim. At the second stage of a postconviction proceeding, as in this case, the State may either file an answer to the defendant's petition or a motion to dismiss it. *People v. Lofton*, 2011 IL App (1st) 100118, ¶ 27. Before a postconviction petition moves to the third stage, an evidentiary hearing, the trial court must determine if the petition and any attached documents "make a substantial showing of a constitutional violation." *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). In making this determination the court takes all well-pleaded facts in the petition and attached documents as true, unless contradicted by the record. *People v. Coleman*, 183 Ill. 2d 366, 381-82 (1998). When a petition is dismissed at the second stage, review is *de novo*. *Id.* at 389.

¶ 13 Due process requires that all pleas be knowing and voluntary. *People v. Fuller*, 205 Ill. 2d 308, 322 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Therefore, plea courts must admonish a defendant of the direct consequences of his or her plea. See *People v. Hughes*, 2012 IL 112817, ¶ 35; *People v. Fredericks*, 2014 IL App (1st) 122122, ¶ 40. Courts need not admonish defendants as to consequences that are merely collateral. *Hughes*, 2012 IL 112817, ¶ 36. A direct consequence "has a definite, immediate and largely automatic effect" on the defendant's punishment. *Hughes*, 2012 IL 112817, ¶ 35 (citing *People v. Williams*, 188 Ill. 2d 365, 372 (1999)). Illinois courts have held that mandatory sex offender registration is a collateral consequence, rather than a direct one. See *Fredericks*, 2014 IL App (1st) 122122, ¶ 40; *People v. Downin*, 394 Ill. App. 3d 141, 146 (2009); see also *People v. Starnes*, 273 Ill. App. 3d 911, 914 (1995). Registration is neither a restraint on liberty nor a punishment. *People v. Malchow*, 193 Ill. 2d 413, 424 (2000); *Fredericks*, 2014 IL App (1st) 122122, ¶ 40; *Downin*, 394 Ill. App. 3d at 146.

¶ 14 Defendant argues that the reasoning used by the United States Supreme Court in *Padilla* and adopted by the Illinois Supreme Court in *Hughes* should be extended to require a trial court to admonish a defendant of mandatory lifetime sex offender registration.

¶ 15 In *Padilla*, the defendant, a resident alien, pleaded guilty to drug distribution charges. *Padilla*, 559 U.S. at 359. The defendant alleged his attorney provided ineffective counsel when he did not advise the defendant that the conviction made him eligible for deportation and had told him not to worry about deportation. *Id.* The Kentucky Supreme Court affirmed the defendant's conviction, holding that the sixth amendment did not apply because deportation was a civil and, therefore, collateral consequence. *Id.* at 359-60. The United States Supreme Court reasoned that even though deportation is a civil consequence of a guilty plea, it could not be "categorically removed" from defense counsel's duties, given deportation's increased enmeshment with the criminal process. *Id.* at 366. The Court then remanded the defendant's case for further consideration under sixth amendment doctrine. *Id.* at 369.

¶ 16 The Illinois Supreme Court considered *Padilla*'s reasoning in *Hughes*. The *Hughes* defendant pleaded guilty to an aggravated sexual abuse charge in exchange for the State's dropping of other charges, withdrawal of a petition to commit the defendant as a sexually dangerous person, and a sentence recommendation. *Hughes*, 2012 IL 112817, ¶ 7. After the

defendant's plea was accepted, the State filed a petition to commit him as a sexually violent person under a separate statute and the defendant filed a motion to withdraw his guilty plea. *Id.* ¶ 10. He alleged that his plea was involuntary because the trial court failed to admonish that he could be committed under the other statute, and alternatively, because his trial counsel's failure to advise of the same possibility constituted ineffective assistance of counsel. *Id.* The Illinois Supreme Court first addressed the trial court's failure to admonish, holding that an admonishment from the trial court was not required, as commitment was a collateral consequence of the conviction. *Id.* ¶ 40. The court reasoned that collateral consequences "lack [a] definite, immediate or automatic effect on the sentence imposed." *Id.* ¶ 36. It focused on the fact that involuntary civil commitment was not automatic and imposed by an outside agency, not the court. *Id.* ¶¶ 37-39. The Illinois Supreme Court did not discuss *Padilla* anywhere in its discussion of admonishments. The *Hughes* court discussed *Padilla* only when addressing the defendant's ineffective assistance of counsel claim. See *id.* ¶ 43.

¶ 17     In *Fredericks*, decided after the decisions in *Padilla* and *Hughes*, this court considered whether a trial court was required to admonish a defendant of the requirement to register as a sex offender following a guilty plea. *Fredericks*, 2014 IL App (1st) 122122. In *Fredericks*, the defendant pleaded guilty to methamphetamine possession and, as a result of an earlier aggravated criminal sexual abuse conviction, was required to register as a sex offender. *Id.* ¶ 1. The defendant filed a motion to withdraw his plea, arguing, *inter alia*, upon the trial court's failure to admonish him of the mandatory registration. *Id.* ¶ 2. The trial court denied the motion and the defendant appealed. *Id.* On appeal, the defendant argued that *Padilla* required a trial court to admonish a pleading defendant of the requirement to register as a sex offender. *Id.* ¶ 41. This court declined to extend *Padilla*, explaining that the Illinois Supreme Court had continued to use the collateral/direct consequence distinction following *Padilla*. *Id.* ¶ 42 (citing *Hughes*, 2012 IL 112817, ¶¶ 35-41, and *People v. Delvillar*, 235 Ill. 2d 507, 521-22 (2009)).[1] Our opinion also distinguished *Padilla* because it dealt with a claim of ineffective assistance of counsel, rather than one of a trial court's failure to admonish.

¶ 18     We find *Fredericks* to be persuasive. In *Hughes*, the Illinois Supreme Court reaffirmed the distinction between direct and collateral consequences, noting that direct consequences have definite and automatic effects on a defendant's punishment. *Hughes*, 2012 IL 112817, ¶ 35 (citing *People v. Williams*, 188 Ill. 2d 365, 372 (1999)). The requirement to register as a sex offender is definite and automatic. However, it does not affect the defendant's punishment. Unlike deportation or involuntary civil commitment, the registration of sex offenders is not a punishment or a restraint of a liberty interest. See *Malchow*, 193 Ill. 2d at 424. Therefore, the registration requirement remains a collateral consequence under *Hughes*'s definition, and the lower court was not required to admonish defendant on it.

¶ 19     As in *Fredericks*, we decline to extend the reasoning of *Padilla* to the issue of trial court admonishments. *Padilla* concerns an ineffective representation of counsel under the sixth amendment. Defendant does not argue that his attorney failed to advise; he argues that the plea court failed to admonish him. The Illinois Supreme Court had the opportunity to apply *Padilla*'s reasoning to admonishment cases in *Hughes* but did not. In *Hughes*, the court first

---

[1]Defendant correctly notes that *Delvillar*, contrary to this court's assertion in *Fredericks*, was published before *Padilla*. However, *Fredericks*' reliance on *Hughes* is accurate, despite the error in regard to *Delvillar*.

addressed whether the trial court should have admonished the defendant using the direct or collateral consequence distinction. *Hughes*, 2012 IL 112817, ¶¶ 35-41. The court did not mention *Padilla* until it had finished discussing admonishment and turned to the defendant's claim of ineffective assistance of counsel. *Id.* ¶ 43. Thus, we are bound by *Hughes*'s admonishment analysis and its continued distinction between collateral and direct consequences.

¶ 20   As we find the plea court was not required to admonish defendant in regard to registration as a sex offender, the absence of such admonishment does not render his plea unknowing or involuntary. *Fredericks*, 2014 IL App (1st) 122122, ¶ 40. As such, even when all of the factual allegations in defendant's petition are taken as true, he has failed to "make a substantial showing of a constitutional violation." *People v. Edwards*, 197 Ill. 2d 239, 246 (2001).

¶ 21   We note briefly that the court below also found that defendant's petition was untimely as an alternative ground for dismissal. Neither defendant nor the State addressed this alternative finding in their briefs. As we affirm the dismissal of defendant's petition on its merits, we need not address the question of its timeliness.

¶ 22   For the foregoing reasons, we find that defendant has failed to make a substantial showing of a constitutional violation. Accordingly, the judgment of the circuit court of Cook County is affirmed.

¶ 23   Affirmed.